# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT LUTHER,<br><br>         Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; SAN DIEGO COUNTY; SAN DIEGO SHERIFF'S DEP'T; SHERIFF WILLIAM GORE,<br><br>         Defendants. | Case No.: 3:19-cv-1449-CAB-NLS<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>**[ECF No. 8]** |

  EVERETT LUTHER ("Plaintiff"), formerly housed at the East Mesa Reentry Facility ("EMRF") in San Diego, California, and proceeding pro se, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 in the Eastern District of California. (ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint in the Eastern District, but instead filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

  On August 2, 2019, United States District Judge Deborah Barnes ordered the case transferred to the Southern District of California pursuant to 28 U.S.C. § 1406(a) finding

it in the interest of justice to do so because Plaintiff's "claim arose in San Diego County" and therefore "should have been filed" here. (*See* ECF No. 4 at 2.)

On August 6, 2019, this Court denied Plaintiff's Motion to Proceed IFP on the grounds that he did not attach a certified copy of his inmate trust account activity or his inmate trust account statement report for the 6-month period immediately preceding the filing of his Complaint. (ECF No. 7 at 3 citing 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2). Plaintiff has now filed a renewed Motion to Proceed IFP along with notifying the Court he is no longer incarcerated. (*See* ECF Nos. 8, 9.) Thus, the requirement to submit his inmate trust account statement is no longer applicable because Plaintiff is not incarcerated.

## I. Motion to Proceed *IFP*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Plaintiff has now filed a notice of change of address that appears to indicate he is no longer incarcerated and therefore, the Court will presume Plaintiff is *not* subject to those provisions of § 1915 that apply only to prisoners, and review his IFP applications just as it would those filed by any other person. *See e.g., Agyeman v. I.N.S.*, 296 F.3d 871,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

886 (9th Cir. 2002) ("[T]he statutory term 'prisoner' is limited to an individual who is 'currently detained as a result of accusation, conviction, or sentence for a *criminal* offense,'" and therefore "does not encompass a civil detainee for purposes of the PLRA.") (citing *Page v. Torrey,* 201 F.3d 1136, 1139-40 (9th Cir. 2000) (emphasis original).

Based on the affidavits Plaintiff has now provided, the Court finds he is unable to pay the fees or post securities required to maintain this action, and **GRANTS** his Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a) (ECF No. 8).

## II. *Sua Sponte* Screening pursuant to 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

Nevertheless, because he is proceeding *IFP*, Plaintiff's Complaint is subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The purpose of § 1915's screening provisions are "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

/ / /

/ / /

C. Plaintiff's Allegations

Plaintiff claims that the California Department of Corrections and Rehabilitation ("CDCR"), the County of San Diego, the San Diego County Sheriff's Department, and its Sheriff, William Gore, have denied him earned conduct credits, and thus are forcing him to "serv[e] a longer sentence in county jail" in violation of the Fourteenth Amendment. (Compl. at 2-6.) Plaintiff seeks injunctive relief and $500,000 in damages. (*Id.* at 6.)

C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. Criminal Proceedings – *Heck's* "Favorable Termination" Requirement

There are two methods for state prisoners to raise complaints related to their imprisonment before a federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82).

///

Thus, to the extent Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction (or convictions) has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because it appears that Plaintiff seeks damages based on allegations that he "suffered the severe trauma of a longer sentence," *see* Compl. at 4, he may not proceed pursuant to § 1983, unless and until his conviction, sentence and/or parole revocation proceedings have already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available

5

3:19-cv-1449-CAB-NLS

state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. This is because an award of damages in his favor would necessarily imply the invalidity of his convictions and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release … or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

Because Plaintiff does not claim to have already invalidated his previous conviction which *may* form the basis of his term of detention by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his Complaint must be dismissed *sua sponte* and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Phillipi v. Does*, No. CIV. 11-2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (sua sponte dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that … the sentence currently being served is unconstitutionally long.") (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486–87; *Preiser*, 411 U.S. at 500); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

E. <u>Fourteenth Amendment equal protection claims</u>

While not entirely clear, it appears Plaintiff claims his right to equal protection was violated because he was housed as a "county jail inmate" and thus, was not entitled to receive good time credits that were earned by inmates housed with the CDCR. (Compl. at 4.)

The Fourteenth Amendment's Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473

6

U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, Plaintiff must allege that Defendants' actions were a result of his membership in a suspect class such as race, religion, or alienage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, Plaintiff does not allege to be a member of any suspect class, and he fails to allege Defendants denied him good time credits based on his membership in any suspect class. Thus, the Court finds that Plaintiff has failed to state a Fourteenth Amendment equal protection claim.

F. <u>CDCR</u>

In addition, to the extent Plaintiff includes the CDCR as a named Defendant, his Complaint fails to state any claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This entity is not a "person" subject to suit under § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983.)

G. <u>Monell Liability</u>

To the extent that Plaintiff names the "San Diego Sheriff's Department," ("SDSD") as a Defendant, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement agency, like the SDSD, are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a

municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDSD is a law enforcement agency or department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e*., Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Shepard cannot pursue any § 1983 civil rights claims against the "San Diego Sheriff's Department." *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff also asserts a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

### H. Sheriff Gore -- Individual Liability

While William Gore, the San Diego County Sheriff is a "person" subject to suit under § 1983, there are no specific factual allegations as to this Defendant. Plaintiff only identifies him as the "County Corrections Administrator." (Compl. at 2.)

These types of broad and conclusory allegations fail to plausibly show how, or to what extent, Gore may be held individually liable for any constitutional injury. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). As pleaded, Plaintiff plainly seeks to hold Gore liable for the acts of unidentified subordinates. But "vicarious liability is inapplicable to … § 1983 suits." *Iqbal*, 556 U.S. at 676. Instead, "Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013)

(supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged).

For all these reasons, the Court dismisses Plaintiff's Complaint in its entirety for failing to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

I.  Leave to Amend

In light of his pro se status, the Court will grant Plaintiff leave to amend his pleading deficiencies, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

III. **Conclusion and Orders**

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 8).

2. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and **GRANTS** him 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693

10

3:19-cv-1449-CAB-NLS

F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: January 6, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge