UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT LUTHER, Booking #19723372,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; SAN DIEGO COUNTY; SAN DIEGO COUNTY SHERIFF'S DEP'T; SHERIFF WILLIAM GORE,<br><br>Defendants. | Case No. 3:19-cv-01449-CAB-NLS<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

Plaintiff Everett Luther, formerly incarcerated at the East Mesa Reentry Facility in San Diego, California, and proceeding pro se, first filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California on July 29, 2019. *See* "Compl.," ECF No. 1 at 1.

**I.  Procedural History**

Because Luther alleged the California Department of Corrections and Rehabilitation, the County of San Diego, the San Diego County Sheriff's Department, and its Sheriff, William Gore, denied him earned conduct credits, and forced him to "serv[e] a longer

sentence in county jail" in violation of the Fourteenth Amendment, *id.* at 2–6, his case was transferred here pursuant to 28 U.S.C. § 1406(a). *See* ECF No. 4. On January 6, 2020, after he filed a Motion to Proceed *In Forma Pauperis* ("IFP") and a Notice of Change of Address indicating he was no longer incarcerated, *see* ECF No. 9, the Court granted Luther leave to proceed IFP, but dismissed his Complaint *sua sponte* for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 10. Luther was notified of his pleading deficiencies, and was ordered to file an Amended Complaint within 45 days. *Id.* at 3–11. He was also warned his failure to amend would result in the dismissal of his case. *Id.* at 11, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.").

Luther has not file an Amended Complaint, nearly two months have passed since the Court issued its January 6, 2020 Order, and he has filed no request for an extension of time. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), and his failure to prosecute as required by the Court's January 6, 2020 Order. The Court further **CERTIFIES** that an IFP appeal would not be taken in good

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED**.

Dated: March 4, 2020

Hon. Cathy Ann Bencivengo
United States District Judge